COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-270-CR

 

 

RODNEY DAREL RUSS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction








Appellant Rodney Darel Russ was charged with
possession of four or more, but less than two hundred, grams of a controlled
substance, methamphetamine.  The trial
court denied Russ=s pretrial motion to suppress.
Pursuant to a plea bargain, Russ pleaded guilty to the charge.  The trial court sentenced him to seven years=
confinement.  In a single point, Russ
argues that the trial court erred by denying his motion to suppress.  We will affirm.

II.  Factual and Procedural Background








At the suppression hearing, Officer William Mack
testified that on January 2, 2000, he was patrolling an apartment complex based
on an informant=s tip that drug activity was
taking place at the complex.  Officer
Mack=s
supervisor instructed him to watch for a white Dodge truck that was expected to
arrive at the complex between 12:30 and 1:00 a.m.  Officer Mack did not see a truck matching the
description he was given, and at 2:00 a.m., he was leaving the complex when he
saw a white Chevrolet truck make an abrupt right turn into the complex without
signaling.  Officer Mack testified that
this was a traffic violation.  Officer
Mack drove through the complex looking for the truck, and he saw a white
Chevrolet truck parked in the complex. 
The officer got out of his vehicle and felt the truck=s hood,
which was warm.  He pointed his
flashlight in the window and saw what appeared to be the burnt remains of
several marijuana cigarettes.[2]
Officer Mack did not see anyone around the truck, but after he got back into
his vehicle to leave, he saw a white male, later identified as Russ, walking
towards the truck.  The officer rolled
down his window and asked Russ if the truck belonged to him; Russ responded
that his girlfriend owned the truck. 
Officer Mack then asked if Russ had been driving the truck recently, and
Russ responded that he had.  Officer Mack
got out of his vehicle, told Russ that he had observed Athe
vehicle commit a traffic violation,@ and
asked to see Russ=s driver=s
license.  The officer radioed for
dispatch to run a license check and to send an assist officer.    

Officer Tim Brown arrived shortly thereafter, and
Officer Mack asked him to wait with Russ while the dispatcher told Officer Mack
the results of the license check. 
Officer Brown testified that while he was waiting with Russ, Russ seemed
Ajittery,
real nervous, like somebody that was high on methamphetamine.@  Officer Brown noticed a tin box that was
partially opened hanging out of Russ=s back
pocket, and the officer asked Russ what was in the tin.  Russ said, AThere is
nothing,@ took
the tin out of his pocket, opened it, and immediately turned it upside
down.  Officer Brown testified that he
saw a green leafy substance fall to the ground and that he took the tin away
from Russ because he Arealized at that point that he
was destroying evidence.@ 
Officer Brown testified that the tin still contained a residual amount
of the substance and that the tin smelled of marijuana.    








In the meantime, the dispatcher told Officer Mack
that Russ=s license was clear.  Officer Mack returned, and Officer Brown
showed him the tin.  Officer Mack also
determined that the substance in the tin looked and smelled like
marijuana.  Officer Brown told Russ to
place his hands on the car, and when Officer Mack Acame up
behind [Russ] to do a search of his person and take him into custody, he ran.@  The officers chased after Russ and observed
Russ Adigging
in his pocket@ as he ran.  Both officers testified that they saw Russ
throw an object and then fall down.  

Officer Mack handcuffed Russ, searched the area,
and found a cellular phone and a large baggie filled with five other baggies
containing a white crystallized substance lying a few feet from Russ.  A presumptive test on the substance revealed
that it was methamphetamine.   

III.  Standard of Review








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s
rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort
Worth 2004, pet. ref=d).  But when the trial court=s
rulings do not turn on the credibility and demeanor of the witnesses, we review
de novo a trial court=s rulings on mixed questions of
law and fact.  Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When reviewing a trial court=s ruling
on a mixed question of law and fact, the court of appeals may review de novo
the trial court=s application of the law of
search and seizure to the facts of the case. 
Estrada, 154 S.W.3d at 607. 
When there are no explicit findings of historical fact, the evidence
must be viewed in the light most favorable to the trial court=s
ruling.  Id.

We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d 401,
404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974 (2004); Ross,
32 S.W.3d at 856; Romero, 800 S.W.2d at 543.

IV.  No Error in Denying Motion to Suppress








In his sole point, Russ contends that the trial
court erred by denying his motion to suppress because the State failed to prove
that Russ had violated a traffic law before Officer Mack approached him.  Specifically, Russ contends that the State
failed to present evidence that Russ was driving Aon a
highway or street that was publicly maintained,@ a
requirement of the offense of failure to use a turn signal.[3]  

The reasonableness of an investigative detention
is determined by a two-prong test:  (1)
whether the officer=s action was justified at its
inception and (2) whether the detention was reasonably related in scope to the
circumstances that justified the inference in the first place.  See Terry v. Ohio, 392 U.S. 1, 19-20,
88 S. Ct. 1868, 1879 (1968); Garcia v. State, 43 S.W.3d 527, 530 (Tex.
Crim. App. 2001).  Reasonable suspicion
exists if the officer has specific articulable facts that, when combined with
rational inferences from those facts, would lead him to reasonably suspect that
a particular person has engaged, is engaged, or will soon engage in criminal
activity.  Garcia, 43 S.W.3d at
530.  This standard is an objective one,
and there need only be an objective basis for the stop; the subjective intent
of the officer conducting the stop is irrelevant.  Id. 








Here, Officer Mack articulated specific facts
upon which he based his investigative detention of Russ:  Officer Mack saw what he believed to be burnt
marijuana cigarettes in the truck=s
ashtray, and Russ admitted he had recently been driving the truck.  See id. 
Applying the appropriate standard of review, we hold that, based on
the totality of the circumstances, Officer Mack reasonably suspected that Russ
had engaged in criminal activity.  See
Carmouche, 10 S.W.3d at 327; Guzman, 955 S.W.2d at 89.  Because we have determined that Officer Mack
had reasonable suspicion to detain Russ because he observed what appeared to be
marijuana cigarettes, we need not address Russ=s
contention that his alleged failure to signal when turning did not provide
Officer Mack with reasonable suspicion or probable cause to stop Russ.[4]  See
Tex. R. App. P.
47.1.  We overrule Russ=s sole
point.

V.  Conclusion

Having overruled Russ=s sole
point, we affirm the trial court=s
judgment.








 

PER
CURIAM

 

PANEL F:    WALKER, J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 16, 2006











[1]See Tex. R. App. P. 47.4.





[2]On direct examination,
Officer Mack testified that he looked inside the truck Ato see if there was
anybody in it,@ but he did not mention
that he saw what appeared to be marijuana cigarettes in the truck.  On cross-examination, however, he testified
that he saw the alleged marijuana cigarettes. 






[3]See Tex.
Transp. Code Ann. '' 542.001, 545.104 (Vernon
1999).





[4]Although the trial court=s findings of fact and
conclusions of law included the conclusion that AOfficer Mack had
reasonable suspicion to detain [Russ] to further investigate [the] traffic
offense,@ we are required to
sustain the trial court=s ruling if it is correct
on any theory of law applicable to the case. 
[Emphasis added.]  See Romero,
800 S.W.2d at 543-44.  Here, reasonable
suspicion to detain Russ in the parking lot existed based on another factCthat the officer saw what
looked like marijuana cigarettes in the truck=s ashtray.  See Singleton v. State, 91 S.W.3d 342,
347 (Tex. App.CTexarkana 2002, no pet.)
(holding that the court Aneed not limit [its]
review to the violations the officer cited in executing the stop@).